Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7741 | **DATE** | 12/15/2010 |
| **CASE TITLE** | Rafael Perez Rodriguez (#40282-424) vs. Patt Donaldson, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, even when liberally construing the complaint and considering the totality of all the allegations in the complaint, Plaintiff has failed to state a valid claim. Therefore, we dismiss the instant action. All pending motions are denied as moot. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Rafael Perez Rodriguez's (Rodriguez) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Since Rodriguez is proceeding *pro se*, we will liberally construe his complaint. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(explaining that *pro se* filings are to be liberally construed).

Rodriguez alleges that on May 7, 2008, he was arrested at his residence when police officers (Police Officers) executed a search warrant (Search Warrant). Rodriguez contends that, pursuant to the Search Warrant, the Police Officers seized various items, including a title for Rodriguez's vehicle (Title). Rodriguez also contends that subsequently, on August 29, 2009, he submitted a request to the Illinois Secretary of State for a duplicate title of his vehicle (Duplicate Title). Rodriguez indicates the request was denied and that he was informed that the Title "had been revoked." (Compl. Par. 5(B)). Rodriguez contends that, through a family member, he then contacted the "Illinois Secretary of State's Police Officer or employee Patt Donaldson, who referred [Rodriguez's] relative to call Illinois Secretary of State Department of police's

| STATEMENT |
|---|

Lieutenant Jim Murphy, in order to formal resolution," but that "there was no response in regard, [and] instead, evasion without merits." (Compl. Par. 5(B)). Rodriguez claims that as a result of the problems he encountered in his efforts to obtain a Duplicate Title, he "has spent unnecessary money, and has had some other complications." (Compl. Par. 6).

Rodriguez has not alleged any facts that would plausibly suggest that it was improper for the Police Officers to seize items during the execution of the Search Warrant, including the Title. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(explaining federal pleading standard). Nor has Rodriguez alleged facts that would indicate that the seizure of the Title in any way denied Rodriguez his due process rights or any other constitutional rights because he was unable to subsequently obtain the Duplicate Title. Rodriguez indicates that he was informed that the Title had been "revoked," but even if that were true, Rodriguez has not alleged any facts to indicate that it was improper to revoke the Title.

Rodriguez also indicates that the Police Officers should not have seized certain items because they were not in "plain view" and did not fall under the "plain view exception to [the] search warrant requirement. . . ." (Compl. Par. 7). However, the plain view doctrine is only relevant in the context of a Fourth Amendment search analysis. *See, e.g., Russell v. Harms*, 397 F.3d 458, 464 (7th Cir. 2005). The plain view doctrine would not be relevant in assessing, for example, whether Rodriguez was somehow denied due process during the administrative process of obtaining the Duplicate Title. Also, the plain view doctrine only applies to items not named in a search warrant. *Id.* at 465. Rodriguez indicates that the Police Officers possessed the Search Warrant, and he has not alleged facts that would indicate that the Search Warrant did not cover items such as the Title or that the Police Officers seized any items that were not covered by the Search Warrant. Rodriguez also contends that the Police Officers invaded his privacy. However, Rodriguez acknowledges that the Police Officers arrested him pursuant to the Search Warrant. (Compl Par. 5). Rodriguez has not alleged facts that would plausibly suggest that the Police Officers violated his right to privacy.

In regard to the alleged harm suffered by Rodriguez, he has failed to provide sufficient facts. Rodriguez indicates only that he "has spent unnecessary money, and has had some other complications, and that he has been "damaged in the amount of $100,000.00," (Compl. Par. 6, 8), but he fails to allege facts to

| STATEMENT |
|---|

indicate what harm such extensive damages relate to.

Finally, we note that Rodriguez includes in his complaint a series of general facts and conclusory legal jargon. For example, Rodriguez alleges generally that Defendants "did combine, conspire, and confederate together," and "deprive[d] [him] of property without due process. . . ." (Compl. Par. 2-3). Such conclusory legal statements are not sufficient to state a claim. *See Wilson v. Price*, 624 F.3d 389, 395 (7th Cir. 2010)(stating that "plaintiffs 'may not avoid dismissal . . . simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims'")(quoting in part *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991)). Although Rodriguez includes such conclusory allegations, he fails to indicate, for example, the nature of the conspiracy or due process violations or allege facts that would plausibly suggest the nature of the conspiracy or due process violations.

Rodriguez has not provided Defendants with notice of the claims brought against them, and they would need to engage in widespread speculation to try to discern the basis for Rodriguez's claims. Even when liberally construing the complaint and considering the totality of all the allegations in the complaint, Rodriguez has failed to state a valid claim. Therefore, we dismiss the instant action. All pending motions are denied as moot.